Dear Mr. Taormina:
Your opinion request of recent date raises the following legal inquiry for our review:
 Are the assets belonging to the indigent defender board subject to seizure to satisfy judgment creditors?
This office has in the past concluded that judicial district indigent defender boards are governing bodies of political subdivisions of the state, and have the same general obligations and privileges of political subdivisions. See Attorney General Opinions 91-420; 90-355, and 85-721. (Compare, however, Opinion 82-531, concluding that local indigent defender boards are not political subdivisions within the meaning of the Local Government Budget Act, LSA-R.S. 39:1302).
Concerning the payment of a judgment rendered in a suit filed against a political subdivision of the state, LSA-Const. Art. XII, Section 10(C)(1974) provides:
 The legislature shall provide a procedure for suits against
the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no political property or public funds shall be subject to seizure. (Emphasis added).
Therefore, if a political subdivision does not pay a judgment awarded by the court, the creditor may not seize public property or funds to satisfy the debt.
LSA-R.S. 13:5109(B)(2) provides a payment plan as the following:
 Any judgment rendered in any suit filed against the state, a state agency or a political subdivision . . . shall be eligible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision. (Emphasis added.)
Finally, in the case of Foreman V. Vermilion Parish PoliceJury, 336 So.2d 986 (La.App. 3rd Cir. 1976), the court held that the state clearly has the right to regulate the way in which judgments against its political subdivisions are paid and to prohibit the seizure of property owned by those subdivisions.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Mr. Andrew C. Taormina Chairman 24th Judicial District Indigent Defender Board New Courthouse P.O. Box 9 Gretna, LA 70054
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL